IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| In re: | : | Case No.: 25-12226 |
| CTL-AEROSPACE, INC., | : | Chapter 11 |
| Debtor-In-Possession. | : | Judge Beth A. Buchanan |

## APPLICATION OF CTL-AEROSPACE, INC. TO EMPLOY CAPSTONE CAPITAL MARKETS LLC TO SUPPLY INVESTMENT BANKING SERVICES AND CRS CAPSTONE PARTNERS LLC TO SUPPLY FINANCIAL ADVISORY SERVICES EFFECTIVE AS OF THE DATE OF THIS APPLICATION, COMBINED WITH NOTICE HEREOF AND OF OPPORTUNITY TO OBJECT

### PLEASE READ THIS NOTICE CAREFULLY

**You are hereby notified** that papers have been filed with the Court requesting an Order pursuant to the above referenced Motion, Application and/or Objection (hereinafter called the "Motion").

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the Motion, or if you want the Court to consider your views on the Motion, then on or before Twenty-One (21) days after the Date of Issuance set forth below (the "Deadline"), you or your attorney must file a written response in accordance with the Court's local rules and filing procedures.

> The Clerk of Court's address is:  U.S. Bankruptcy Court Clerks Office, 221 East Fourth Street, Atrium Two, Suite 800, Cincinnati, Ohio 45202.

> Copies of the Court's Administrative Procedures for electronic court filings can be found at the following website:  http://www.ohsb.uscourts.gov

You must file the response early enough so the Court will **receive** it on or before the Deadline.

You must also provide a copy of your response via mail to Patricia J. Friesinger, Esq., Coolidge Wall Co., L.P.A., 33 W. First Street, Suite 600, Dayton, Ohio 45402 or through the Court's ECF system.

September 17, 2025                                          */s/ Patricia J. Friesinger*

_____                          _____

Date of Issuance                                               Patricia J. Friesinger

The above-captioned debtor and debtor-in-possession, CTL-Aerospace, Inc. ("Debtor"), by and through proposed counsel, hereby submits this application pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014 and LBR 2014-1 for entry of an order authorizing the Debtor to employ Capstone Capital Markets LLC ("CCM") to supply Investment Banking Services and CRS Capstone Partners LLC ("CRS" and together with CCM, "Capstone") to supply Financial Advisory Services, effective as of the date of the filing of this application.  In support of this Application, the Debtor submits the declarations of Geoffrey Frankel and David Rychalsky, which are attached as Exhibits "A" and "B." The Debtor seeks to employ Capstone on the terms and conditions outlined in the agreement attached hereto as Exhibit "C" ("Contract") including approval to make payments as identified in the Contract, subject to future fee applications.

The Debtor represents the following to the best of its knowledge, information and belief:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.  The subject matter of this Application is a core proceeding pursuant to 27 U.S.C. § 157(b)(2).

2.      The statutory basis for the relief requested herein is found in sections 105(a), 327(a), 328(a), and 1107 of the Bankruptcy Code, Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure and LBR 2014-1.

## BACKGROUND

3.      On September 8, 2025 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107(a), 1108 and 1184 of the Bankruptcy Code, the Debtor is operating its business and managing its affairs as a debtor-in-possession.

4.      The Debtor is a corporation in the State of Ohio as of Ohio as a (1) tier-2 OEM build-to-print manufacturing for items used in engines and aircraft bodies in the aerospace and defense industries and (2) repair and maintenance services, with a campus of four leased buildings located in Butler County, Ohio.

5.      The Debtor filed this Chapter 11 proceeding in order to reorganize its debts and maintain its operations and employees or to retain operations to permit a sale transaction of the business as a going concern.

**RELIEF REQUESTED**

6.      By this Application, the Debtor seeks to employ Capstone to provide assistance and expertise in services identified in the agreement attached hereto as Exhibit "B," including financial advisory services and investment banking services.  The financial advisory services contemplated are identified more fully in Annex 2 to the Contract and most urgently include assistance in preparing 13 week cash flow forecasts, advising as to use of cash collateral, and advising as to DIP financing matters (the "FA Services").  For the FA Services, the Contract provides for payment on an hourly basis at the prevailing rate for the professionals involved, which range from $450 - $750 as further identified in the Contract.  The Debtor is seeking authority to employ Capstone for investment banking services as more fully described in the Contract, including assisting the Debtor in pursuing dual tracts of either a reorganization (likely with exit financing) and a potential sale transaction or transactions (the "Investment Banking Services").  For the Investment Banking Services, the Contract provides for payment of varying fees, depending upon the transaction or transactions (i.e. financing, restructuring, or selling) that are undertaken.  The Contract further provides for the Debtor to pay a monthly retainer amount of $35,000 to Capstone, half of which will be credited towards the first transaction fee earned by Capstone.  The potential sale fees are

reduced in the event the ultimate buyer is one of the companies listed on Annex 1, which potential buyers have already been involved in discussions with the Debtor as to a potential sale transaction.

7.      The Debtor seeks to retain Capstone because of Capstone's extensive experience and knowledge in the field of financial advisory services and experience and contacts as an investment banker, including experience in the aerospace industry.  The engagement of the financial advisor is believed to be of significant benefit to the management of the Debtor, to provide them with the expertise in navigating through a bankruptcy proceeding – something with which none of them have any experience.  The engagement of the investment banker is believed to be of significant benefit to the Debtor by permitting other professionals in this case to focus on their respective competencies and their core tasks.  Accordingly, the Debtor respectfully requests entry of an order pursuant to section 327(a) of the Bankruptcy Code authorizing it to employ and retain Capstone to perform the FA Services and the Investment Banking Services that will be necessary during this chapter 11 case.

6.      As set forth in more detail in the declaration of Geoffrey Frankel (the managing Director of Capstone Partners' Financial Advisory Services and head of its Special Investment Banking Practice) and subject to the disclosures made therein, Capstone has informed the Debtor that Capstone (a) is a "disinterested person" as designated in 11 U.S.C. § 327 and within the meaning of 11 U.S.C. § 101(14), and (b) does not hold or represent an interest adverse to the Debtor's estate.  Capstone was provided a copy of the Debtor's matrix to ensure it could attest to this fact.  The Declarations of the representatives of Capstone is attached as Exhibits "A" and "B." Further, Capstone does not have any connection with the above-named Debtor or creditors of the Debtor, any other party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, other than as outlined

in Exhibits "A" and "B" hereto.

7.      Capstone's business address is 10 Post Office Square, Ste. 800N, Boston, MA 02109.

8.      Capstone is well qualified to represent the Debtor for the FA Services and the Investment Banking Services.  Capstone is familiar with the Debtor's business affairs and many of the potential financial, restructuring and sales issues that may arise in connection with this Chapter 11 case.  In selecting Capstone, the Debtor considered Capstone's knowledge of the Debtor's operations and finances and expertise and experience in providing cash management and accounting services.  The Debtor also considered the contacts of Capstone and prior involvement in the aerospace industry.

9.      The Debtor seeks approval of the fee structure for the Investment Banking Services and the FA Services pursuant to section 11 U.S.C. § 328(a), as incorporated in 11 U.S.C. §§ 329, 330, and 331.  Section 328(a) provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under 327 . . . on any reasonable terms and conditions of employment, including a retainer on an hourly basis, or on a contingency fee basis."

10.     Subject to Court approval pursuant to Section 330(a) of the Bankruptcy Code, compensation will be payable for the FA Services on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Capstone.  The hourly rate to be charged by managing directors is $750.00 per hour, directors is $650.00, vice presidents is $550.00, analysts and associates is $450.00 (subject to periodic adjustments to reflect economic and other conditions), which is consistent with the rates charged in other bankruptcy and non-bankruptcy matters of this type and are subject to period adjustment to reflect economic and other conditions.

Expenses that may be incurred, include photocopying and postage.  The fee arrangement for the Investment Banking Services are not on an hourly basis.  Investment bankers, such as Capstone, do not charge for their services on an hourly basis.  Instead, they customarily charge a fee that is contingent upon the occurrence of a specified type of transaction.  The Debtor believes that he fee structure for the Investment Banking Services is comparable to those generally charged by investment banking firms of similar stature to Capstone and for comparable engagements, both in and out of bankruptcy proceedings, and reflect a reasonably contingency amount which is tied to the consummation and losing of the transactions (and services to be rendered in pursuing those transactions) in the Contract.

11.    Capstone has informed the Debtor that it is not the general practice of the investment banking firms to keep detailed time records similar to those customarily kept by attorneys and other professionals who are compensated on an hourly basis.  The hours worked, the results achieved, and the ultimate benefit to the Debtor of the work performed by Capstone in connection with this engagement may vary and the Debtor and Capstone have taken this into account in setting the terms of the attached Contract.  In order to induce Capstone to do business with the Debtor in bankruptcy, the fees were set against the difficulty of the assignment and the potential for failure.  Further, the Debor considered alternative advisors/bankers and performed an analysis of a potential transaction (with review of timing and amount of the transaction) and determined that amounts that would be collected by Capstone under that transaction was similar in amount to the alternative professionals.  The Debtor proposes that Capstone be excused from maintaining time records as set forth in Local Rule 2016-1 for its Investment Banking Services only.

12.    Except as set forth above, Capstone intends to apply to this Court for payment of

compensation and reimbursement of fees and expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the guidelines promulgated by the United States Trustee, the Local Bankruptcy Rules, Forms and Procedure for the United States Bankruptcy Court for the Southern District of Ohio, and this Court's applicable orders, and pursuant to any additional procedures that may be or have already been established by this Court.

13.     Capstone has not been paid anything ahead of the Petition Date and was not employed by the Debtor in any capacity prior to the Petition Date.  Capstone has informed the Debtor that, in accordance with 11 U.S.C. § 504, there is no agreement or understanding between Capstone and any other entity (other than employees of Capstone) for the sharing of compensation to be received for services rendered in connection with this case.

14.     The proposed Order approving this Application of Capstone is attached hereto as Exhibit "D."

**WHEREFORE,** the Debtor prays that it be authorized to employ the Capstone effective as of the date of this Application to provide assistance and expertise as described above, in accordance with the Contract.

COOLIDGE WALL CO., L.P.A.

Respectfully submitted,

COOLIDGE WALL CO., L.P.A.

*/s/ Patricia J. Friesinger*

_____

Patricia J. Friesinger (0072807)
33 West First Street, Suite 600
Dayton, Ohio 45402
Tel: 937/223-8177  Fax: 937/223-6705
E-Mail: friesinger@coollaw.com

*Proposed Counsel for Debtor and Debtor-In-Possession CTL-Aerospace, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of **APPLICATION OF CTL-AEROSPACE, INC. TO EMPLOY CAPSTONE CAPITAL MARKETS LLC TO SUPPLY INVESTMENT BANKING SERVICES AND CRS CAPSTONE PARTNERS LLC TO SUPPLY FINANCIAL ADVISORY SERVICES EFFECTIVE AS OF THE DATE OF THIS APPLICATION, COMBINED WITH NOTICE HEREOF AND OF OPPORTUNITY TO OBJECT** was caused to be served on the date of filing as follows:

Via the Court's ECF Noticing Service to:

- Asst US Trustee (Cin)    ustpregion09.ci.ecf@usdoj.gov
- David T. Austin    david.austin2@usdoj.gov
- Justin Cloyd    justin.cloyd@squirepb.com, justin-cloyd-4157@ecf.pacerpro.com
- Brittany R. Fitzgibbon    bfitzgibbon@dpylaw.com
- Patricia J Friesinger    friesinger@coollaw.com,
  trustee@coollaw.com;friesinger.patriciar@notify.bestcase.com
- Jonathan Mark Layman    jlayman@hrabcaklaw.com, gina@hrabcaklaw.com
- Elliot M Smith    ESmith@beneschlaw.com, Docket2@beneschlaw.com

Via first class mail, postage pre-paid to the following and the parties in interest on the attached Matrix:

Capstone Capital Markets LLC
c/o Geoffrey Frankel
10 Post Office Square, Ste. 800N
Boston, MA 02109

Ally Bank Lease Trust - Assignor to Vehicle Asset Universal Leasing Trust (a.k.a. "VAULT TRUST", or "V.A.U.L. Trust", or "VAULT", or "V.A.U.L.T."), c/o AIS Port
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Ally Bank Lease Trust - Assignor to Vehicle Asset Universal Leasing Trust (a.k.a. "VAULT TRUST", or "V.A.U.L. Trust", or "VAULT", or "V.A.U.L.T."), c/o AIS Port
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

*/s/ Patricia J. Friesinger*

_____
Patricia J. Friesinger

021640\00100\4912-8764-4009.2

4912-8764-4009, v. 2

COOLIDGE WALL CO., L.P.A.

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| In re: | : | Case No.: 25-12226 |
| CTL-AEROSPACE, INC., | : | Chapter 11 |
| Debtor-In-Possession. | : | Judge Beth A. Buchanan |

---

## <u>DECLARATION OF GEOFFREY FRANKEL ON BEHALF OF CAPSTONE CAPITAL MARKETS LLC</u>

1. I, Geoffrey Frankel ("Affiant") of Capstone Capital Markets LLC ("Capstone"), being first duly cautioned and sworn, depose and say, that to the best of my knowledge and belief, neither I nor any employee of Capstone have had and have no connection with the Debtor, or any creditor of the Debtor that would make me not a "disinterested person" within the meaning of 11 U.S.C § 101 (14).

2. Affiant further states that he is an attorney that was admitted to the Ohio State Bar on May 16, 1994, having received his Juris Doctrine from the George Washington University School of Law and received a Bachelor of Arts degree in International Relations from the University of Pennsylvania.  Affiant is the managing Director of Capstone Partners' Financial Advisory Services and is the head of its Special Investment Banking Practice with over 30 years of experience.

3. Affiant states neither he, or any employee of Capstone are an officer or employee of the Judicial Branch of the United States or the United States Department of Justice.

4. Affiant states neither he, nor any employee of Capstone hold or represent any interest adverse to the estate and is a disinterest person within the meaning of 11 U.S.C § 327.  The relationships of Capstone with the Debtor, its creditors, and other parties in interest are those outlined as Exhibit "1" hereto.

5. Affiant states neither he, nor any employee of Capstone will under any circumstances, directly or indirectly, purchase or acquire any interest in any of the Debtor's property if engaged.

6. Affiant's employment would not be prohibited by or improper under Bankruptcy Rule 5002

7. Capstone will charge professional fees as described in the Transaction Engagement Agreement, including hourly fees for financial advisory services and potential transactional fees, potentially including: financial transaction fee, restructuring transaction fee, and/or a

sale transaction fee.  The terms of the agreement between the Debtor and Capstone are attached to the Application to Employ Capstone as Exhibit "B."

Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

*/s/ Geoffrey Frankel*

_____
Geoffrey Frankel
Capstone Capital Market LLC

## <u>EXHIBIT 1</u>

Huntington National Bank, through its parent company Huntington Bancshares Incorporated, owns Capstone Partners as a subsidiary and uses Capstone brand for its investment banking and financial advisory services in the middle market.  As such, Huntington is related to Capstone Capital Market LLC and CRS Capstone Partners LLC.  As to the Debtor, Huntington has the following relationships:

1. CTL-Aerospace, Inc. has a small deposit account relationship with Huntington that existed prior to the bankruptcy case filing, but is not the Debtor's primary accounts.  The Debtor is considering closing those accounts.
2. Huntington's relationship is subject to a Cash Management Order, previously entered in this case.

As to the Debtor's creditors and other parties in interest in this case, Huntington has relationships with details disclosed to Capstone as follows:

| Name | Relationship Details |
|---|---|
| Cintas Corp | limited relationship with Cintas on the corporate banking side. - Commercial Loan, we have a $150 million commitment in their $2 billion syndicated revolving credit facility.<br>- Debt Capital Markets, we were a co-manager on Cintas' last fixed income offering, believe we earned less than $70,000 in gross fee.<br>In the last twelve months, we have pitched the following products, but not yet closed anything<br>- Treasury Management, ChoicePay, discussions are ongoing will not be a big source of revenue.<br>- Equity Capital Markets, share repurchase<br>- Commodities, natural gas, diesel, and gasoline<br><br>We are looking at our go forward strategy here with respect to likely return and how much would we hold, stay at the $150 or evaluate a smaller commitment. |
| DuPont Specialty Products USA | |

| | |
|---|---|
| DUKE ENERGY OHIO INC | With Duke, we hold $195MM of their $10 Bill Revolving Credit facility.  From a corporate banking perspective most of our cross sell activity has been Debt and Equity Capital Markets, a new Deposit relationship and we had been working to execute an ISDA for commodity hedging but could come to an agreement on terms.  The $195MM commitment is allocated at the company's direction to its various operating companies, of which Duke Ohio is one.  Outside of the Corporate banking relationship Huntington Equipment Finance has bought some lease exposure on the secondary market that is blind to the company, in other words it wasn't direct leasing business won from the company.  In addition Huntington Vendor Finance through its relationship with an equipment manufacturer Altec has lease exposure, this also is largely blind to Duke's Treasury and Finance staff, but may be known by Duke's Procurement team. |
| Environmental Enterprises | Environmental Enterprises (TIN 31-0895554) is a specialty environmental management and disposal company in Cincinnati, providing recycling options and waste disposal of environmentally hazardous materials. Current deposit relationship consists of Operating DDA ($2.4MM ACB) and MMA ($1.8MM ACB). DDA opened in 2004 & MMA in 2024. Credit relationship consists of a revolving LOC ($1.5MM) and 2 letters of credit for the United States EPA and Ohio EPA. Maturity date is 5/1/2026. |
| Fisher Scientific | |
| GeoCorp, Inc. | |
| Gus Holthaus Signs, Inc | |
| Industrial Mechanical Contractors, Inc. | The client is enrolled in business online, ach positive pay and reverse positive pay on 4 checking accounts. Business online is being used to monitor account activity and fraud tools. Positive pay services are being used to monitor check activity and ACH activity. Please let me know if you have any questions |
| Kendall Electric Inc | Customer has a business checking account |

021640\00100\4896-6890-4809.1

4896-6890-4809, v. 1

**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| In re: | : | Case No.: 25-12226 |
| CTL-AEROSPACE, INC., | : | Chapter 11 |
| Debtor-In-Possession. | : | Judge Beth A. Buchanan |

---

**DECLARATION OF DAVID RYCHALSKY ON BEHALF OF CRS CAPSTONE
PARTNERS LLC**

1.  I, David Rychalsky ("Affiant") of CRS Capstone Partners LLC ("Capstone"), being first duly cautioned and sworn, deposes and says, that to the best of my knowledge and belief, neither I nor any employee of Capstone have had and have no connection with the Debtor, or any creditor of the Debtor that would make me not a "disinterested person" within the meaning of 11 U.S.C § 101 (14).

2.  Affiant further states that he is a Managing Director of Financial Advisory Services for CRS Capstone Partners LLC.  Affiant holds a Bachelor's  Degree in Political Science and Economics from Roanoke College and is a restructuring and insolvency advisor with more than 20 years of experience providing professional services to distressed companies, debtors in reorganization or liquidation proceedings, unsecured creditors, lenders and bondholders and post-bankruptcy confirmation trusts.

3.  Affiant states neither he, or any employee of Capstone are an officer or employee of the Judicial Branch of the United States or the United States Department of Justice.

4.  Affiant states neither he, nor any employee of Capstone hold or represent any interest adverse to the estate and is a disinterest person within the meaning of 11 U.S.C § 327.  The relationships of Capstone with the Debtor, its creditors, and other parties in interest are those outlined as Exhibit "1" to the Declaration of Geoffrey Frankel on Behalf of Capstone Capital Markets LLC.

5.  Affiant states neither he, nor any employee of Capstone will under any circumstances, directly or indirectly, purchase or acquire any interest in any of the Debtor's property if engaged.

6.  Affiant's employment would not be prohibited by or improper under Bankruptcy Rule 5002

7.  Capstone will charge professional fees as described in the Transaction Engagement Agreement, including hourly fees for financial advisory services and potential transactional

fees, potentially including: financial transaction fee, restructuring transaction fee, and/or a sale transaction fee.  The terms of the agreement between the Debtor and Capstone are attached to the Application to Employ Capstone as Exhibit "C."

Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.


*/S/ David Rychalsky*

_____

David Rychalsky
CRS Capstone Partners LLC

021640\00100\4903-5249-0090.1

4903-5249-0090, v. 1



COMMON GOALS. UNCOMMON RESULTS.
capstonepartners.com

**TRANSACTION ENGAGEMENT AGREEMENT**

This Transaction Engagement Agreement (the "Agreement") is made by and between CTL-Aerospace, Inc., whose principal place of business is 5616 Spellmire Drive, Cincinnati, Ohio 45246 (together with all of its related subsidiaries, affiliates, successors and assigns, the "Company"), as debtor and debtor in possession in its pending chapter 11 bankruptcy reorganization case (the "Bankruptcy Case") and CRS Capstone Partners LLC ("CRS") and Capstone Capital Markets LLC ("CCM" and, collectively with CRS, "Capstone"), whose headquarters is located at 10 Post Office Square, Suite 800N, Boston, MA 02109 .  In consideration of the mutual promises set forth below, the Company and Capstone agree as follows:

Section 1: Engagement.  The Company hereby engages:

(a) CCM to act as its sole and exclusive investment banking advisor in connection with one or more of the following:

   i.   Financing Transaction: Whether effected in one transaction or a series of transactions, any debtor in possession and/or exit financing transactions in the Bankruptcy Case, including without limitation financing commitment in the form of senior debt (inclusive of any revolving facilities, asset-based loan facilities, first-out debt tranches, mortgage loans, and/or use of cash collateral in the Bankruptcy Case), junior debt (inclusive of any mezzanine notes, last-out debt tranches, unitranche facilities, second-lien loans, subordinated debt and/or similar debt instruments), and/or any issuance of equity interests in the Company (inclusive of preferred equity, preferred debentures, convertible notes, common equity, and/or similar equity-like instruments), (any of the foregoing, a "Financing Transaction").

   ii.  Restructuring Transaction: The restructuring of part or all of the Company's debt and/or equity interests by means of a debt-to-equity conversion, reorganization pursuant to a plan of reorganization (a "Chapter 11 Plan") in the Bankruptcy Case, or other similar transaction(s) (any of the foregoing, a "Restructuring Transaction").

   iii. Sale Transaction: The sale of the Company or substantially all of its assets or equity interests (including some or all of its subsidiaries) by means of a merger, consolidation, recapitalization, business combination, sale-and-leaseback, assignment for the benefit of creditors, an asset sale pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") (including as a result of a credit bid effected in accordance with section 363(k) thereof), spin-off, exchange offer, tender offer, sale of stock or assets, or other similar transaction(s) (any of the foregoing, a "Sale Transaction"); and

(b) CRS to provide certain financial advisory services related to the administration of the Company's Bankruptcy Case (the "FA Services").

As used herein, the term "Transaction" shall mean and include a Financing Transaction, a Restructuring Transaction, and/or a Sale Transaction.

Section 2: Scope of Services.

CCM's services relating to a Transaction may include the following (the "Investment Banking Services" and collectively with the FA Services (as defined below), the "Services"):

(a) Analyzing, to the extent CCM deems appropriate, the Company's financial, operational, commercial, and legal circumstances in preparation of advising the Company on a Transaction;

(b) Preparing a Confidential Memorandum describing the Company, its operations, management and financial data, based upon information provided by the Company, to facilitate a Transaction;

**Exhibit C**



(c)  Identifying and contacting appropriate prospective counterparties for a Transaction (the "<u>Counterparties</u>");

(d)  Assisting and advising the Company in negotiating the terms and structure of a potential Transaction;

(e)  Assisting the Company and its legal counsel with the negotiation and documentation regarding a Transaction;

(f)  Assisting with document preparation, procedural execution and closing of a Transaction, working with the Company's counsel;

(g)  Providing the Company (and its stakeholders) with periodic status reports and be available to the Company (and at the Company's request, its lenders and material stakeholders) at all reasonable times to discuss any matters relating to the Transaction;

(h)  Providing litigation support services, including as a witness at hearings in support of a Transaction;

(i)  With respect to a Restructuring Transaction, assist the Company in negotiating the terms of Chapter 11 Plan with creditor and equity-holder constituencies; and

(j)  performing other investment banking services relating to the foregoing as necessary and agreed between the parties.

CRS's FA Services may include the matters set forth on Annex 2 to this Agreement.

In the event the Company or any of its officers or directors receives an inquiry regarding a potential Transaction, they will promptly inform CCM of such inquiry in order that CCM may assist the Company in any resulting negotiations.

The Company understands that by this Agreement, Capstone does not guarantee the consummation of a Transaction. Capstone, for all purposes hereunder, shall be an independent contractor.  This Agreement is not intended in any way to create the relationship of principal or agent between the Company and Capstone, nor shall this Agreement be deemed to have established a partnership or joint venture. The Company shall have the sole and absolute right to accept or reject any offer received from prospective capital providers, and any Transaction Fee (as defined in Section 3 below) payable hereunder shall be paid by the Company to CCM only if a Transaction is consummated.

The Company acknowledges that Capstone has been retained hereunder solely as an advisor to the Company, and not as an advisor to or agent of any other person, and that the engagement of Capstone is as an independent contractor and not in any other capacity including as a fiduciary.  Neither this agreement nor Capstone's performance hereunder nor any previous or existing relationship between Capstone and the Company will be deemed to create any fiduciary relationship. The Company further acknowledges that it is not relying on the advice of Capstone for tax, legal or accounting matters, and will rely on the advice of its own professionals and advisors for such matters and will make an independent analysis and decision regarding any Transaction based upon such advice.

Notwithstanding anything else in this Agreement to the contrary, under no circumstances will CRS provide any services to the Company relating to a securities transaction.  All services related to the execution of a securities transaction will be provided by CCM, and any fees relating thereto shall be due, owing, and paid exclusively to CCM.

<u>Section 3: Professional Fees</u>. As compensation for Services rendered hereunder by Capstone, the Company agrees to pay:

(a)  <u>Monthly Retainer</u>: A non-refundable retainer of $35,000 payable to CCM upon the execution of this Agreement, and an additional $35,000 due upon each monthly anniversary of the execution of this Agreement (together the "<u>Monthly Retainers</u>"). Fifty percent (50%) of the Monthly Retainers will be credited against and reduce the first Transaction Fee (other than with respect to a Limited DIP Financing Transaction) to arise (as such terms are defined later in this Section).



(b) <u>Financing Transaction Fee</u>: Concurrent with the closing of a Financing Transaction, the Company shall pay CCM a cash fee (the "<u>Financing Transaction Fee</u>") equal to the following:

    i.    2.5% of the Commitment Amount (as defined below) of all forms of senior debt invested or committed to be invested;

    ii.    4.0% of the Commitment Amount of all forms of junior debt invested or committed to be invested; plus

    iii.    6.0% of the Commitment Amount of all forms of equity invested or committed to be invested.

    provided that, except with respect to a Financing Transaction involving Debtor in Possession Financing or the use of cash collateral in the Bankruptcy Case, in each case for less than $10 million of committed capital in the aggregate (a "Limited DIP Financing Transaction"), under no circumstances will the Financing Transaction Fee payable at closing be less than $750,000 (the "<u>Minimum Financing Transaction Fee</u>").  Regardless of anything herein to the contrary, to the extent that there is an extension of, replacement of, or supplement to (including an increase in commitment) the existing Debtor in Possession financing with Wells Fargo Bank, NA or consent to use of cash collateral by Wells Fargo Bank, NA, no Financing Transaction Fee will be due (but nothing in this sentence limits the compensation of CRS in connection with FA Services).

(c) <u>Restructuring Transaction Fee</u>: Upon confirmation of a Chapter 11 Plan in the Bankruptcy Case, the Company shall pay CCM a cash fee (the "<u>Restructuring Transaction Fee</u>") equal to $800,000.

(d) <u>Sale Transaction Fee</u>: Concurrent with the closing of a Sale Transaction, the Company shall pay CCM a cash fee (the "<u>Sale Transaction Fee</u>") equal to 2.5% of the Aggregate Transaction Value, payable immediately upon the closing of a Sale Transaction, provided that under no circumstances will the Sale Transaction Fee payable at closing be less than $750,000 (the "<u>Minimum Sale Transaction Fee</u>," and with a Minimum Financing Transaction Fee, a "Minimum Fee").  Notwithstanding the foregoing, the Sale Transaction Fee for a Transaction involving a party listed on Annex 1 to this Agreement, shall be reduced by 10.0% from the amount otherwise payable as calculated in the preceding sentence.

(e) <u>FA Services</u>: The Company will compensate CRS for the FA Services based on the number of hours that CRS spends providing such services at the prevailing billing rate for those CRS professionals providing such services.  CRS's current hourly rates, which are subject to change, are:

    (i).    Managing Directors: $750
    (ii).    Directors: $650
    (iii).    Vice Presidents: $550
    (iv).    Analysts and Associates: $450

The Fees payable to CCM set forth in Section 3(b), (c), and (d) shall be referred to herein as a "<u>Transaction Fee</u>."  For avoidance of doubt, if CCM is paid a Minimum Fee for a Transaction, any subsequent Sale Transaction Fee or Financing Transaction Fee shall not be subject to a Minimum Fee.

If within the Tail Period (as defined below), the Company increases the Commitment Amount of a capital provider that participated in any Financing Transaction through the exercise of an accordion provision or otherwise, then CCM shall be paid a Success Fee when such later commitment increase becomes effective.

In addition, the Company agrees to reimburse Capstone for its reasonable out-of-pocket expenses incurred in connection with any Capstone's activity under this Agreement. Such expense reimbursement amounts shall be considered separately from any fees that may be owed by the Company to Capstone; *provided that* Capstone will not



incur expenses in excess of $10,000 without the prior written consent of the Company.  Invoices for expense reimbursement are due within ten (10) business days of receipt.

<u>Section 4: Transaction Value</u>. For purposes of this Agreement, transaction value will be based upon the following:

(a) <u>Financing Transaction</u>: The Commitment Amount for purposes of calculating CCM's Financing Transaction Fee shall be deemed to be the total amount of financing funded to the Company at closing plus the amount committed or available to be funded subsequent to the closing (the "<u>Commitment Amount</u>").

(b) <u>Sale Transaction</u>: As used herein, the  term "<u>Aggregate Transaction Value</u>" shall mean and include, for purposes of calculating a Sale Transaction Fee, the total amount of cash and the fair market value of other property received, or to be received (including amounts paid into escrow), by the Company and by the officers, shareholders, and/or creditors of the Company, including without limitation, cash, notes and loans, securities, real and personal property sold or leased, earn-out consideration, non-competition agreements, license and/or royalty arrangements, employment and consulting agreements in excess of fair market compensation, the portion of any representation and warranty insurance policy paid by Prospective Acquirer, excess working capital, assets and/or equity retained, and the total amount of liabilities assumed, discharged or taken subject to.  For avoidance of doubt, Aggregate Transaction Value shall mean and include the amount of any credit bid by a secured lender to the Company.

If any proceeds are to be paid through earnout or royalty (i.e., financial instruments or agreements whose actual value at closing cannot be determined due to it being based solely on the future performance or earnings), the Company and CCM will negotiate in good faith to agree upon a discounted value for that portion of the Transaction Fee to be paid to CCM in consideration for such contingent consideration.  If the Company and CCM cannot agree on such a discounted fee, the portion of the Transaction Fee payable to CCM for the contingent portion of the Aggregate Transaction Value shall be paid on amounts actually received by the Company, the principal shareholders and its holders of equity-linked securities, and shall be payable when received. In the event the Aggregate Transaction Value or a portion thereof is in the form of debt or equity securities, then the amount of the Aggregate Transaction Value shall be based on the fair market value of such securities determined as of the closing date. The fair market value of any debt securities shall be determined based on the par value of the principal balance of such debt securities without consideration given to any future interest payments or equity warrants related to such debt securities. The fair market value of any other securities not traded on any established market or exchange, as well as any other non-cash property included in the Aggregate Transaction Value, shall be mutually determined and agreed to based on either a net present value or fair market value of such securities and/or property. The Aggregate Transaction Value shall not be affected by post-closing purchase price adjustments.

<u>Section 5: Bankruptcy Retention</u>. The Company shall use its best efforts to promptly apply to the bankruptcy court having jurisdiction over the Bankruptcy Case (the "<u>Bankruptcy Court</u>") for the approval pursuant to sections 327 and 328 of the Bankruptcy Code of (A) this Agreement, and (B) Capstone's retention by the Company under the terms of this Agreement and subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review under section 330 of the Bankruptcy Code. The Company shall supply Capstone with a draft of such application and any proposed order authorizing Capstone's retention sufficiently in advance of the filing of such application and proposed order to enable Capstone to review and comment thereon.

(a) The Company will use its commercially reasonable efforts to ensure that Capstone's post-petition compensation and expense reimbursements shall be entitled to priority as expenses of administration under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

(b) Capstone acknowledges that in the event that the Bankruptcy Court approves its retention by the Company, Capstone's fees and expenses shall be subject to the jurisdiction and approval of the Bankruptcy Court under section 328(a) of the Bankruptcy Code and any applicable fee and expense guideline orders; provided, however, that, to the extent time records are required, Capstone will keep them in one-half hour increments.



Section 6: Term and Termination. This Agreement shall be in effect (the "Term") until terminated by either party upon ten (10) days prior written notice to the other party. The Company and Capstone expressly acknowledge and agree that the provisions of Sections 3 through 12, inclusive, shall survive any termination of this Agreement.

Notwithstanding the termination or expiration of this Agreement for any reason, the Company will remain obligated to pay to CCM a Transaction Fee if the Company within 18 months (the "Tail Period") after the date of such termination or expiration, enters into an agreement with respect to a Transaction that subsequently is consummated with a party that CCM introduced to the Company and/or that the Company directed CCM to contact.

Section 7: Representations. The Company represents and warrants that the Company, to the best of its knowledge, is now and shall remain in material compliance with all local, state, and federal laws, rules, and regulations materially affecting the operation of the Company. The Company further represents and warrants, to the best of its knowledge, that all facts, figures, information and additional supporting documentation pertaining to the Company that have been or will be provided to Capstone by the Company are true and accurate in all material respects. The Company understands that Capstone will rely on such facts, figures and other information when describing and promoting a Transaction to potential Counterparties without making an investigation into the accuracy of such representations by the Company. As such, the Company will actively participate in the preparation of any descriptive materials related to a Transaction and assume sole responsibility for the content of said materials.

Section 8: Indemnification. The Company, or its survivor or reorganized entity, shall: (i) indemnify and hold harmless Capstone, its officers, directors, members, managers, employees, affiliates, consultants and agents or assignees (collectively the "Capstone Indemnified Persons") from and against any and all losses, claims, damages or liabilities to which any Capstone Indemnified Person may become subject arising in any manner out of or in connection with the rendering of services by Capstone hereunder unless it is finally determined by a court or arbitral tribunal that such losses, claims, damages or liabilities are solely the result of Capstone's gross negligence or willful misconduct; and (ii) reimburse each Capstone Indemnified Person promptly for all legal and other expenses reasonably incurred by it in connection with investigating, preparing to defend or defending, or providing evidence in or preparing to serve or serving as a witness with respect to, any lawsuits, investigations, claims or other proceedings arising in any manner out of or in connection with the rendering of services by Capstone hereunder.

The Company agrees that the indemnification and reimbursement commitments set forth in this Section 8 shall apply whether or not Capstone or any Capstone Indemnified Person is a formal party to any lawsuit, investigation, claim or other proceeding and whether or not any such Capstone Indemnified Person is at the time affiliated with Capstone. The Company further agrees that, without Capstone's prior written consent, such consent not to be unreasonably withheld or delayed, the Company will not enter into any settlement of a lawsuit, claim or other proceeding arising out of the transactions contemplated by this Agreement to which Capstone or any Capstone Indemnified Person is an actual party or, in the reasonable judgment of such party, is a potential party, unless such settlement includes an explicit and unconditional release from the party bringing such lawsuit, claim or other proceeding of Capstone and/or all Capstone Indemnified Persons.

If indemnification is to be sought hereunder, then the party seeking indemnification shall notify the Company of the commencement of any action or proceeding in respect thereof; provided, however, that the failure to so notify the Company shall not relieve the Company from any liability that it may have to such party seeking indemnification pursuant to this Section 8 except to the extent the Company has been prejudiced in any material respect by such failure or from any liability that the Company may have to the party seeking indemnification other than pursuant to this Section 8. Notwithstanding the above, following such notification, the Company may elect in writing to assume the defense of such action or proceeding, and, upon such election, the Company shall not be liable for any legal costs subsequently incurred by such party seeking indemnification (other than reasonable costs of investigation and providing evidence) in connection therewith, unless (i) the Company has failed to provide counsel reasonably satisfactory to such party seeking indemnification in a timely manner, (ii) counsel which has been provided by the Company reasonably determines that its representation of such party seeking indemnification would present it with a conflict of interest or (iii) the party seeking indemnification reasonably determines that there may be legal defenses available to it which are different from or in addition to those available to the Company and such party seeking indemnification reasonably determines that the counsel which has been provided by the Company would have a conflict of interest with respect to such legal defenses.



The Company and Capstone agree that if any indemnification or reimbursement sought pursuant to the preceding paragraph is for any reason unavailable or insufficient to hold it harmless, then the Company and Capstone shall contribute to the losses, claims, damages, judgments, assessments, costs and other liabilities and related expenses for which such indemnification is held unenforceable as is appropriate to reflect (i) the relative benefits to the Company on the one hand and Capstone on the other hand, in connection with the transaction to which such indemnification or reimbursement relates, (ii) the relative fault of the parties, and (iii) other equitable considerations; provided, however, that in no event shall the amount to be contributed by Capstone exceed the fees actually received by Capstone under this engagement.  The Company agrees that for the purposes of this paragraph the relative benefits to the Company and any Indemnified Party shall be deemed to be in same proportion that the aggregate cash consideration and value of securities or any other property payable, exchangeable or transferable in such transaction bears to the fees paid or payable to Capstone under this Agreement.

Section 9: Disclosure.  The Company agrees that upon consummation of the Transaction contemplated herein, Capstone may, at Capstone's expense, advertise, and otherwise disclose its role in executing the Transaction.

Subject to the Company's guidance and approval, the Company authorizes Capstone to negotiate on the Company's behalf confidentiality agreements with potential parties to a Transaction and to deliver confidential memoranda or other data furnished to Capstone by the Company for distribution to such parties.

Section 10: Forbearance.  Any forbearance by Capstone or the Company in exercising any of its rights under this Agreement shall not be considered a waiver of such right(s).  Any waiver must be expressly granted in writing and a waiver on any one occasion shall not be construed as a waiver on any future occasion.

Section 11: Notification.  Any notices pursuant to this Agreement shall be in writing and shall be deemed sufficiently given when sent and on the date of posting, by certified mail, return receipt requested, overnight delivery or similar messenger service, to the respective addresses of the Company and Capstone set forth above, or to any other address specified by any party by written notice to the other party.

Section 12: Important Information about Establishing a Relationship with Capstone. To help the government fight the funding of terrorism and money laundering activities, FINRA Rule 3310 (Anti-Money Laundering Compliance Program) requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account. (https://www.finra.org/rules-guidance/rulebooks/finra-rules/3310).  For purposes of this federal law, engaging CCM as an investment banker is considered the equivalent of opening an account. Accordingly, in connection with the Company's engagement of CCM, CCM will ask for the Company's formation documents and other information that will allow Capstone to verify its identity. CCM will also ask for the name, address, date of birth and other information for certain individual beneficial owners of the Company that will allow Capstone to identify those individuals. CCM may also ask to see the driver's license or other identifying documents for those individuals. The 2023 Report on FINRA's new material findings and effective practices can be reviewed using the following link and more specifically on page 10 as it relates to the establishment of a relationship with a client. (https://www.finra.org/media-center/finra-unscripted/podcast-2023-report-exam-risk-monitoring-program).

Section 13: Governance.  This Agreement incorporates the entire understanding between the Company and Capstone and supersedes all previous agreements relating to the subject matter hereof.  This Agreement may not be amended or modified except in a writing signed by the Company and Capstone.  This Agreement shall be binding upon and inure to the benefit of the Company and Capstone and their respective successors and assigns.  If any term or provision of this Agreement shall to any extent be deemed illegal, invalid or unenforceable, the remainder of this Agreement shall not be affected thereby and each term and provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

This Agreement shall be governed by and construed and enforced in accordance with the laws of The Commonwealth of Massachusetts. The Company and Capstone hereby irrevocably and unconditionally consent to submit to the exclusive jurisdiction of Bankruptcy Court administering the Bankruptcy Case (the "Bankruptcy Court") or, if such court lacks jurisdiction, the United States District Court located in the City of Boston and, in the event such United States District Court does not have jurisdiction over the parties hereto, then to the courts of The Commonwealth of Massachusetts located in Suffolk County for any lawsuits, actions or other proceedings arising out of or relating to this Agreement and agree not to commence any such lawsuit, action or other proceeding except in such courts.  The



Company and Capstone further agree that service of any process, summons, notice or document by mail to their respective addresses set forth above shall be effective service of process for any lawsuit, action or other proceeding brought against either party in any such court.  The Company and Capstone hereby irrevocably and unconditionally waive any objection to the laying of venue of any lawsuit, action or other proceeding arising out of or relating to this Agreement in the Bankruptcy Court or, if such court lacks jurisdiction, courts of The Commonwealth of Massachusetts or the United States District Court located in the City of Boston, and hereby further irrevocably and unconditionally waive and agree not to plead or claim in any such court that any such lawsuit, action or other proceeding brought in any such court has been brought in an inconvenient forum.  Any right to trial by jury with respect to any lawsuit, claim or other proceeding arising out of or relating to this Agreement or the services to be rendered by Capstone hereunder is expressly and irrevocably waived.

This Agreement has been and is made solely for the benefit of the Company, Capstone and their respective successors and assignees, and no other person shall acquire or have any right under or by virtue of this Agreement.  By signing below, both parties hereby understand and agree to the full terms, conditions and provisions of this Agreement and further represent and warrant that the undersigned constitute all, or the authorized representative of all, of the owners, partners and shareholders of the Company and Capstone, respectively, and that they are duly authorized to enter into this Agreement which shall be binding and enforceable in accordance with its terms.

[SIGNATURE PAGE TO FOLLOW]

**CTL-AEROSPACE, INC.**

By: _____

Name: _____

Title: _____

Date: _____

**CAPSTONE CAPITAL MARKETS LLC**

By: _____

Name: Ken Wasik

Title: Head of Investment Banking

Date: _____

By: _____

Name: Geoffrey Frankel

Title: Managing Director

Date: _____

**CRS CAPSTONE PARTNERS LLC**

By: _____

Name: David Rychalsky

Title: Managing Director

Date: _____



Annex 1

1. AE Industrial Partners
2. Axillon Aerospace
3. Albany International Corporation
4. Wells Fargo or its successors and assigns as the prevailing bidder via credit bid (but only to the extent that Wells Fargo is the exclusive bidder).



Annex 2: FA Services

The FA Services may include:

- Providing strategic and tactical financial advice concerning the operations of the Company's business;
- Advising the Company regarding cost reduction analysis and initiatives;
- Advising the Company regarding profit margin enhancement initiatives;
- Participating in Board of Directors Meetings;
- Participating in meetings with incumbent lenders;
- Advise the Company's regarding its compliance with all budget, variance report, and monthly operating report requirements in connection with the Company's Bankruptcy, postpetition financing, and cash collateral use, including by signing all proposed Budgets and variance reports (and making the representations and warranties consistent with such signature);
- Advise the Company regarding negotiating cash collateral or DIP financing budget with lenders and other interested parties;
- Advise the Company regarding cash disbursements of the Company;
- Advising the Company's collection efforts for outstanding receivables and other accounts payable;
- Advising the Company regarding its efforts to manage and administer its critical vendor program;
- Assisting the Company in identifying executory contracts and efforts to assume or reject same, including by negotiating cure amounts;
- Providing onsite presence, as Capstone determines is necessary to provide the FA Services, during the term of this engagement;
- Assisting the Company in developing and executing on, in cooperation with Company senior management, Company's business and prospects and bankruptcy exit strategy;
- Monitoring progress of business towards stated refinance, restructuring or liquidation goals;
- Reviewing and critiquing the Company's long-term business plan;
- Assisting in the development of financial data and presentations to the Company's Board of Directors, various creditors, any official committees formed in the Bankruptcy Case, including an Official Committee of Unsecured Creditors (the "Creditors' Committee"), other official committees formed in this case and other third parties;
- Analyzing and proposing solutions for the Company's financial liquidity and evaluating alternatives to improve such liquidity;
- Analyzing various restructuring scenarios and the potential impact of these scenarios on the value of the Company and the recoveries of those stakeholders impacted by the Bankruptcy Case;
- Developing internal reporting mechanisms and compliance protocols related to financial reporting and liquidity management;
- Evaluating the Company's debt capacity and alternative capital structures;
- Participating in negotiations among the Company and its creditors, suppliers, lessors and other interested parties with respect to any of the transactions contemplated in this Agreement, including the Creditors' Committee and other committees formed in the case; and
- Providing testimony in the Bankruptcy Case concerning any of the subjects encompassed by FA Services.
- Discussing the Company's financial condition and opportunities with the Company's management and stakeholders, including its incumbent lender. For the avoidance of doubt, Capstone may have direct discussions with customers and lenders.

4909-7698-4938, v. 1

**<u>EXHIBIT D</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| In re: | : | Case No.: 25-12226 |
| CTL-AEROSPACE, INC., | : | Chapter 11 |
| Debtor-In-Possession. | : | Judge Beth A. Buchanan |

---

**<u>ORDER AUTHORIZING DEBTOR TO EMPLOY CAPSTONE CAPITAL MARKETS
LLC TO SUPPLY INVESTMENT BANKER SERVICES AND CRS CAPSTONE
PARTNERS LLC TO SUPPLY FINANCIAL ADVISORY SERVICES EFFECTIVE AS
OF THE DATE OF THE APPLICATION [DOC. --]</u>**

**THIS MATTER** is before the Court pursuant to the *Application of CTL-Aerospace, Inc. to Employ Capstone Capital Markets LLC to Supply Investment Banker Services and CRS Capstone Partners LLC to Supply Financial Advisory Services Effective as of the Date of This Application, Combined with Notice Hereof and Opportunity to Object* filed herein on September 17, 2025 [Doc. --] (the "Application"). The Court determines that the Application was properly served on all creditors and no objections were filed in response to the Application or that any

1

objections have been overruled, as the case may be.

As such, and for good cause shown, including after a review of all exhibits to the Application and the record in this case, the Court is satisfied that Capstone is disinterested as that term is defined under section 11 U.S.C. § 101(14) and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Application is a core proceeding pursuant to 28 U.S.C. §157, it is hereby:

1. ORDERED that the Application is hereby granted in its entirety, and it is further

2. ORDERED that the retention and employment of Capstone as investment banker and financial advisor for the Debtor pursuant to 11 U.S.C. § 327(a) on the terms set forth in the Contract attached as Exhibit B to the Application is hereby approved, effective as of September 17, 2025; and it is further

3. ORDERED that the terms and provisions of the Contract are approved by this Court; and it is further

4. ORDERED that the employment and payments to Capstone are subject to all applicable orders entered in this case; and it is further

5. ORDERED that all compensation and reimbursement of expenses to be paid to Capstone shall be subject to prior approval of this Court in accordance with the requirements under 11 U.S.C. §§328 and 331 and such procedural rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; and it is further

6. ORDERED that, this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**SO ORDERED.**

cc: Default List

Plus: Capstone Capital Markets LLC, c/o Geoffrey Frankel, 10 Post Office Square, Ste. 800N, Boston, MA 02109

021640\00100\4909-0347-3257.2

4909-0347-3257, v. 2

Label Matrix for local noticing
0648-1
Case 1:25-bk-12226
Southern District of Ohio
Cincinnati
Mon Sep 15 12:51:05 EDT 2025

2007 James C. Irwin Trustee FBO James C Irwin
6432 Breckenridge Lane
Hamilton, OH 45011

2007 James C. Irwin Trust FBO David M. Irwin
6432 Breckenridge Lane
Hamilton, OH 45011

2007 James C. Irwin Trust FBO James T. Irwin
5732 Fields Ertle
Cincinnati, OH 45241-1281

2007 James C. Irwin Trust FBO John C. Irwin
5616 Spellmire Drive
Cincinnati, OH 45246-4898

2007 James C. Irwin Trust FBO Karen B. Luce
11808 Miro Circle
San Diego, CA 92131-3323

2007 James C. Irwin Trust FBO Kimberly Ann B
5814 Dantawood Lane
Middletown, OH 45044-1304

3M Company
3M Center, 225-3S-05
St. Paul, MN 55144-1000

A&B Deburring Co.
525 Carr St
Cincinnati, OH 45203-1815

ARC Document Solutions, LLC
12657 Alcosta Blvd, Suite 200
San Ramon, CA 94583-4433

AVI Foodsystems
2590Elm Road NE
Warren, OH 44483-2997

Abco Safety
255 W. Crescentville Rd
Cincinnati, OH 45246-1713

Abrasive Products, LLC
3131 North Franklin Road, Suite D
Indianapolis, IN 46226-6391

Abrasive Specialties & Tools
4201 Airport Rd #2
Cincinnati, OH 45226-1625

Action Supply Products Inc.
1065 Montour West Ind Park
Coraopolis, PA 15108-9308

Acuren
14434 Medical Complex Drive, Ste. 100
Tomball, TX 77377-3098

Adaptive Corporation
118 W. Streetsboro Rd., Ste. 221
Hudson, OH 44236-2711

Adept Fasteners, Inc.
27949 Hancock Pkwy
Valencia, CA 91355-4116

Aero Tool Services
2838 SE Loop 820
Fort Worth, TX 76140-1018

Aeroxchange
1503 Lyndon B Johnson Fwy, Ste. 275
Farmers Branch, TX 75234-6450

(p)OHIO TRANSMISSION CORPORATION
1900 JETWAY BLVD
COLUMBUS OH 43219-1681

Airflow Equipment, Inc.
2676 S. 26th St.
Kalamazoo, MI 49048-9610

(p)AIRGAS USA LLC
ATTN LEGAL DEPARTMENT
259 N RADNOR CHESTER RD
RADNOR PA 19087-5240

Airtech International, Inc.
5700 Skylab Road #2055
Huntington Beach, CA 92647-2055

Albany Engineered Composites
216 Airport Drive
Rochester, NH 03867-1718

Alert Tubing Fabricators Inc
8019 Commercial Ave
Loves Park, IL 61111-2702

Allen Woods Associates, Inc.
2515 S Clearbrook Dr
Arlington Heights, IL 60005-4652

Allied High Tech Products, Inc.
16207 Carmenita Road
Cerritos, CA 90703-2212

Ally Bank Lease Trust - Assignor to Vehicle
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Alpine Valley Water
10341 Julian Dr
Cincinnati, OH 45215-1132

Altafiber
221 E 4th St
Cincinnati, OH 45202-4124

Amazon
410 Terry Ave N
Seattle, WA 98109-5210

American Express
200 Vesey Street
New York, NY 10285-0002

American Roofing & Metal
4610 Roofing Road
Louisville, KY 40218-4529

American Testing Services Ltd.
2000 Old Byers Rd
Miamisburg, OH 45342-6718

Anaheim Automation Inc
4985 E Landon Dr
Anaheim, CA 92807-1972

Andrews Laser Works Corporation
100 Andrews Way
Wilder, KY 41071-3612

Anthem Blue Cross
P.O. Box 60007
Los Angeles, CA 90060-0007

Apke Total Restoration
3104 Spring Grove Ave
Cincinnati, OH 45225-1820

Apollo Aerospace Components
351 Camer Dr
Bensalem, PA 19020-7341

Asst US Trustee (Cin)
Office of the US Trustee
J.W. Peck Federal Building
550 Main Street, Suite 4-812
Cincinnati, OH 45202-5212

AssureHire, Inc
2206 Plaza Drive, Ste. 100
Rocklin, CA 95765-4417

Atlas RFID Solutions Store LLC
112 28th Street South
Birmingham, AL 35233-2720

David T. Austin
DOJ-Ust
John W. Peck Federal Building
550 Main Street
Ste 4-812
Cincinnati, OH 45202-5212

Automatic Cutter Supply, LLC
24 Riggs Ave
West Hartford, CT 06107-2721

Aviall
2750 Regent Blvd.
Dallas, TX 75261

Axiom Materials
2320 Pullman St.
Santa Ana, CA 92705-5507

BGR
6392 Gano Road
West Chester, OH 45069-4869

Batteries + Bulbs
1325 Walnut Ridge Drive
Hartland, WI 53029-8315

Beckman Coulter
250 South Kraemer Blvd.
Brea, CA 92821-6232

(p)BENESCH FRIEDLANDER COPLAN & ARONOFF LLP
127 PUBLIC SQUARE
SUITE 4900
CLEVELAND OH 44114-2378

Berkshire Manufactured Products, Inc
116 Parker St
Newburyport, MA 01950-4008

Bethesda Healthcare, Inc
625 Eden Park Dr, Fl 7
Cincinnati, OH 45202-6005

Bisco Industries, Inc
5065 E Hunter Ave
Anaheim, CA 92807-6001

BlackHawk Industrial Distributrion, Inc
8241 Expansion Way
Dayton, OH 45424-6381

BlackRock College Advantage
35 East Chestnbut nStreet, 8th Floor
Columbus, OH 43215-2541

Bob Brink
165 Steuben Street
Winona, MN 55987-4636

Bodycote Surface Technologies
1780 Anderson Blvd
Hebron, KY 41048-9768

Boeing -Miami
3760 W 108th St
Hialeah, FL 33018-1261

Boeing Distribution Services Inc.
3760 W 108th St.
Hialeah, FL 33018-1262

Boker's Inc.
3104 Snelling Ave
Minneapolis, MN 55406-1937

Boot Country/West County
1179 US-50
Milford, OH 45150-9571

Bowden Manufacturing Corporation
4590 Beidler Rd.
Willoughby, OH 44094-4682

Brechbuhler Scales, Inc.
1424 Scale St SW
Canton, OH 44706-3096

Butler County Water and Sewer Dept
130 High St # 5
Hamilton, OH 45011-2728

Byron Products
3781 Port Union Rd
Fairfield, OH 45014-2207

(p)C H  ROBINSON WORLDWIDE  INC
ATTN BANKRUPTCY TEAM BILL GLAD
14701 CHARLSON ROAD
SUITE 2400
EDEN PRAIRIE MN 55347-5076

C.W. Vordenberge Company
11313 Springfield Pike
Cincinnati, OH 45246-4201

CBTS Technology Solutions
25 Merchant St
Cincinnati, OH 45246-3700

CDW Direct
200 N Milwaukee Ave
Vernon Hills, IL 60061-1577

(c)CFM INTERNATIONAL
1 AVIATION WAY
CINCINNATI OH  45215-1900

CPP -Syracuse, Inc.
901 East Genesee Street
Chittenango, NY 13037-1325

CS Hyde Company
39655 N IL Route 83
Lake Villa, IL 60046-8100

CTL Aerospace, Inc
5616 Spellmire Drive
Cincinnati, OH 45246-4898

CTL-Aerospace, Inc.
5616 Spellmire Drive
Cincinnati, OH 452464898

Capital One Commercial
1680 Capital One Drive
McLean, VA 22102-3407

Carter Manufacturing CO., Inc
4220 US-42
Mason, OH 45040

Century Fasteners Corp.
50-20 Ireland Street
Elmhurst, NY 11373-3787

Chard, Snyder & Associates
6867 Cintas Blvd
Mason, OH 45040-9152

Chardon Laboratories, Inc
7300 Tussing Rd
Reynoldsburg, OH 43068-4111

Charter Communications
400 Washington Blvd
Stamford, CT 06902-6641

Cincinnati Container Company
5060 Duff Dr
West Chester, OH 45246-1325

Cincinnati Testing Laboratories, Inc.
1775 Carillon Blvd
Cincinnati, OH 45240-2805

Cincinnati Thermal Spray, Inc.
11766 NC-210
Rocky Point, NC 28457

Cincy Aquatic Pets LLC
PO Box 715
West Chester, OH 45071-0715

Cintas Corp
6800 Cintas Blvd
Mason, OH 45040-9151

Clark Schaefer Hackett
1 E 4th St., Ste. 1200
Cincinnati, OH 45202-4294

Justin Cloyd
Squire Patton Boggs (US) LLP
201 E. Fourth Street
Suite 1900
Cincinnati, OH 45202-4277

Composites One LLC
955 National Parkway
Schaumburg, IL 60173-5363

Computer Xpress
4440 Forest Dr, Ste. 102B
Blue Ash, OH 45242

(p)CONSTELLATION NEWENERGY
ATTN C BRADLEY BURTON
1310 POINT STREET
12TH FLOOR
BALTIMORE MD 21231-3380

Continental Diamond Tool Corporation
1221 Hartzell St.
New Haven, IN 46774-1690

Control +M Solutions, LLC
912 Bayberry Ln
Kohler, WI 53044-1468

Cooper Electric
315 Cranbury Half Acre Rd
Cranbury, NJ 8512

Creative Coatings Company, Inc.
24650 Mound Rd
Warren, MI 48091-2036

Cytec -Winona
2085 East Technology Circle, Ste. 102
Tempe, AZ 85284-1810

DHL Express USA Inc.
1210 S Pine Island Rd
Plantation, FL 33324-4402

DME Company
29111 Stephenson Highway
Madison Heights, MI 48071-2383

DSV Air & Sea, Inc.
4243 Olympic Blvd #250
Erlanger, KY 41018-3257

Defense Industry Advisors, LLC
241 Valencia Circle
St. Petersburg, FL 33716-1255

Digitize Designs, LLC
400 Birnie St, Ste 1
Greenville, SC 29611-4942

Direct Energy
2727 Allen Pkwy
Houston, TX 77019-2115

Diversified Industrial Products
14 Connor Lane
Deer Park, NY 11729-7210

Dometrics, Inc
32 Jim Berry Rd
Franklin, NC 28734-8624

Dot Systems
6030 Webster St
Dayton, OH 45414-3434

DuPont Specialty Products USA, LLC
974 Centre Rd
Wilmington, DE 19805-1269

(p)DUKE ENERGY OHIO INC
PO BOX 960
CINCINNATI OH 45201-0960

Dunstone Company, Inc.
15050 Choate Circle, Ste. B
Charlotte, NC 28273-7342

ECI Software Solutions Inc
1500 Solana Blvd, Suite 6500
Westlake, TX 76262-1714

EQT Exeter
Five Radnor Corp Ctr
100 Matsonford Rd., Ste. 250
Radnor, PA 19087-4559

EZAutomation.net
4140 Utica Ridge Road
Bettendorf, IA 52722-1632

Earle M. Jorgensen Company
2060 Enterprise Pkwy
Twinsburg, OH 44087-2210

Ecoact
70-78 York Way
London, UK N1 9AG United Kingdom

Ellsworth Adhesives
W129N10825 Washington Dr
Germantown, WI 53022-4446

Environmental Enterprises Inc.
10163 Cincinnati-Dayton Rd
Cincinnati, OH 45241-1005

Equipment Depot
16330 Air Center Blvd
Houston, TX 77032-5100

Erie Plating Co.
656 W 12th St
Erie, PA 16501-1509

Euro-Composites Corp.
13213 Airpark Drive
Elkwood, VA 22718-1703

Everlube Products Division
100 Cooper Circle
Peachtree City, GA 30269-3025

Evident Scientific, Inc
48 Woerd Ave
Waltham, MA 02453-3826

FARO Technologies, Inc
1252 Technology Park
Lake Mary, FL 32746-6204

FSI Filtration LLC
11703 Chesterdale Road
Cincinnati, OH 45246-3405

FedEx
942 South Shady Grove Road, Floor 2
Memphis, TN 38120-4117

Ferguson Enterprises, Inc.
12500 Jefferson Ave
Newport News, VA 23602-4314

Fisher Scientific
81 Wyman Street
Waltham, MA 02451-1223

Brittany R. Fitzgibbon
DiCaudo, Pitchford & Yoder, LLC
209 S. Main St
3rd FL
Akron, OH 44308-1307

Flyers Energy
2360 Lindbergh Street
Auburn, CA 95602-9562

(p)FOCUS MANAGEMENT GROUP
ATTN MICHAEL DOLAND
30725 US HWY 19N PMB 330
PALM HARBOR FL 34684-4400

Patricia J Friesinger
Coolidge Wall Co., L.P.A.
33 West First Street, Suite 600
Dayton, OH 45402-1289

Frost Brown Todd LLC
2101 Cedar Springs Road, Suite 900
Dallas, TX 75201-1867

G.S. Precision, Inc.
101 John Seitz Drive, Exit 1 Industrial
Brattleboro, VT 05301-3642

GARDCO
BYK USA Inc.
BYK Paul N. Gardner Company
316 NE 1st St.
Pompano Beach, FL 33060-6608

GE Aviation
1 Aviation Way
Cincinnati, OH 45215-1900

(c)GE AVIO
1 AVIATION WAY
CINCINNATI OH  45215-1900

GE Engine Services Distribution
1800 Donaldson Hwy
Erlanger, KY 41018-3111

GIS Benefits
422 Wauponsee St.
Morris, IL 60450-2215

GM Financial Leasing
801 Cherry Street, Ste. 3500
Fort Worth, TX 76102-6854

GWS Tool Group
595 County Road 448
Tavares, FL 32778-6109

Gem City Metal Technologies
1825 E 1st St
Dayton, OH 45403-1129

General Dynamics Ordnance and Tactical Syste
100 Carillon Pkwy
St. Petersburg, FL 33716-1207

Genworth Life and Annuity
6610 West Broad St, Bld. 2, Fl. 8
Richmond, VA 23230-1702

GeoCorp, Inc.
9010 River Road
Huron, OH 44839-9523

Gerber Technology LLC
24 Industrial Park Road West
Tolland, CT 06084-2806

Global Equipment Company, Inc.
11 Harbor Park Drive
Port Washington, NY 11050-4646

Global Industrial
11 Harbor Park Drive
Port Washington, NY 11050-4656

GracoRoberts
3200 Avenue E East
Arlington, TX 76011-5231

Grainger
100 Grainger Pkwy
Lake Forest, IL 60045-5202

(p)GREATER CINCINNATI WATER WORKS
ATTN BANKRUPTCY DESK
4747 SPRING GROVE AVE
CINCINNATI OH 45232-1986

Gus Holthaus Signs, Inc
817 Ridgeway Ave
Cincinnati, OH 45229-3222

HFO -Midwest
1993 Case Parkway North
Twinsburg, OH 44087-4328

Hanover Technical Sales, Inc.
19351 Battery Park Rd # A
Smithfield, VA 23430-5671

Hanson Rivet & Supply Co
13241 Weidner Street
Pacoima, CA 91331-2344

Hathaway Stamp & Identification
304 E 8th Street
Cincinnati, OH 45202-2231

Hazmatpac
7905 Blankenship Dr
Houston, TX 77055-1005

Health Equity
15 W Scenic Pointe Dr., Ste. 100
Draper, UT 84020-6122

(p)HENKEL CORPORATION
1 HENKEL WAY
ROCKY HILL CT 06067-3581

Hentzen Coatings, Inc.
6937 West Mill Road
Milwaukee, WI 53218-1225

Herman Investment Co
3700 S. Water St #100
Pittsburg, PA 15203-2366

Hexagon MFG
250 Circuit Drive
North Kingstown, RI 02852-7441

Hexcel -Saint Clair
172 Industrial Park Ed
St. Clair, PA 17970

Hohman Plating & Mfg, LLC
814 Hillrose Ave.
Dayton, OH 45404-1132

Home Depot U.S.A., Inc.
2455 Paces Ferry Rd NW
Atlanta, GA 30339

Hoosier Spring Co., Inc.
4604 S Burnett Drive
South Bend, IN 46614-3822

(p)HYDRAPAK SEALS
3532 W GALAXY PARK PLACE
WEST JORDAN UT 84088-5175

IMITEC, INC.
1990 Maxon Rd
Schenectady, NY 12308-1124

Ikonics Corporation
4832 Grand Ave
Duluth, MN 55807-2743

Independent Ink Inc.
13700 Gramercy Pl
Gardena, CA 90249-2455

Indestructible Paint Inc.
1 Independence Dr
Monroe, CT 06468-2679

Industrial Air Centers, Inc.
731 E. Market St.
Jeffersonville, IN 47130-3923

Industrial Mechanical Contractors, Inc.
4828 Duff Drive, Ste. A
Cincinnati, OH 45246-1143

InnovMetric Software, Inc.
2014 Cyrille-Duquet, Ste. 310
Quebec City, QC G1N 4N6 Canada

Innovative Electric Service
4437 Day Rd
Cincinnati, OH 45252-1803

Inoapps Innovative Applications Inc.
5177 Richmond Ave, Suite 1220
Houston, TX 77056-6727

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Inventory Locator Service LLC
8001 Centerview Parkway, Suite 400
Cordova, TN 38018-4276

J & M Diamond Tool, Inc.
43 Roger Williams Ave
Rumford, RI 02916-2809

Jamie's Mulch & Topsoil Inc
8408 Princeton Glendale Rd
West Chester Township, OH 45069-1676

Jansen's Sweet Sinsations
6211 Snider Rd
Mason, OH 45040-2643

Johnson Controls Security Solutions
6600 Congress Ave
Boca Raton, FL 33487-1213

K-Tec Systems, Inc.
2615 Wolcott St
Ferndale, MI 48220-1422

KOI Auto Parts
800 Brighton Street
Newport, KY 41071-1319

Kahrs Thermal Technology LLC
3211 Industry Dr
North Charleston, SC 29418-8453

Katz Teller
255 E. 5th St. #2400
Cincinnati, OH 45202-4724


Kawasaki
26972 Burbank
Foothill Ranch, CA 92610-2506

Kawasaki Heavy Industries
60 East 42nd Street Suite 2001
New York, NY 10165-0025

Keidel Supply -TN
1150 Tennessee Ave
Cincinnati, OH 45229-1010


Kendall Electric Inc
5101 South Sprinkle Rd
Portage, MI 49002-2055

Krayden Inc.
1491 West 124th Avenue
Denver, CO 80234-1701

(p)LIFO PRO  INC
11620 ARBOR ST
SUITE 100
OMAHA NE 68144-2972


Jonathan Mark Layman
Hrabcak & Company
67 East Wilson Bridge Road
Worthington, OH 43085-2338

Leading Edge Aero, LLC
3343 Tettersall Dr
Green Cove Springs, FL 32043-9204

Leybold USA, Inc.
6005 Enterprise Dr
Export, PA 15632-8969


Liberty Laser LLC
6270 Morris Rd
Hamilton, OH 45011-5122

Lisam America Inc.
3901 University Drive East, Ste. 430
Bryan, TX 77802

Lockheed Martin Corp
6801 Rockledge Drive
Bethesda, MD 20817-1877


LogMeIn
320 Summer Street
Boston, MA 02210-1701

Lowe's
1000 Lowes Blvd
Mooresville, NC 28117-8520

MKS Instruments, Inc.
2 Tech Drive
Andover, MA 01810-2489


MSC Industrial Supply Company
515 Broadhollow Rd
Melville, NY 11747-3739

MTS Systems Corporation
14000 Technology Drive
Eden Prairie, MN 55344-2247

MUFG Union Bank, N.A.
1251 Avenue of the Americas
New York, NY 10020-0083


Macomb Group -Cincinnati
9030 Port Union Rialton Rd
West Chester, OH 45069-2937

Macomb Group, Inc.
6600 15 mile Rd
Sterling Heights, MI 48312-4512

Magna Machine Co.
11180 Southland Rd
Cincinnati, OH 45240-3295


Magna NDT LLC
2002 Union Cemetery Rd
Loveland, OH 45140

Mainstream Waterjet
108 Northeast Dr.
Loveland, OH 45140-7144

Mandel Company
301 East Erie Street
Milwaykee, WI 53202-6005


Mark Enterprises, LLC
c/o Mark W. Schnicke, Statutory Agent
874 Miami Ridge Dr.
Loveland, OH 45140-8100

Market Place Printing
7200 Paddison Road
Cincinnati, OH 45230-2370

Marking Device -Fairless Hills
225 Lincoln Hwy Bldg E
Fairless Hills, PA 19030-1107

Marlin Mfg. Corp.
12800 Corporate Dr
Cleveland, OH 44130-9311

Matheson Tri-Gas Inc.
909 Lake Carolyn Pkwy., Ste. 1300
Irving, TX 75039-4821

Matlock Electric Co., Inc.
2780 Highland Ave
Norwood, OH 45212-2494


McMaster-Carr Supply Company
600 N County Line Rd
Elmhurst, IL 60126-2081

Meggitt (Erlanger), LLC
1400 Jamike Avenue
Erlanger, KY 41018-1040

Metal Supermarkets Cincinnati North
4766 Dues Dr D
Cincinnati, OH 45246-1036


Mettler-Toledo, LLC
1900 Polaris Pkwy
Columbus, OH 43240-4055

Miami Paint and Equipment Inc.
3200 Spring Grove Ave
Cincinnati, OH 45225-1326

Microsoft
1 Microsoft Way
Redmond, WA 98052-8300


Midwest Caster & Wheel Inc.
431 W Seymour Ave
Cincinnati, OH 45216-1827

Midwest MNT Corporation
9465 Cole Ln.
Aurora, IN 47001-9298

Midwest Spray Booths
7672 McEwen Rd
Dayton, OH 45459-3908


Miller-Stephenson Chemical Company
55 Backus Ave
Danbury, CT 06810-7378

NRG Business Marketing
804 Carnegie Center
Princeton, NJ 08540-6023

Netherland Rubber Company
2931 Exon Ave
Cincinnati, OH 45241-2593


Nordic Sensors Ind. Inc
8985 Robert-Armour
Montreal, QC H1E 6J7 Canada

North American Inspections, Inc.
1275 W Roosevelt Rd #120
West Chicago, IL 60185-4816

Numet Machining Techniques
235 Edison Road
Orange, CT 06477-3603


ODACS, Inc.
8634 Reading Rd
Cincinnati, OH 45215-5529

Oakley Paint & Glass
3142 Madison Rd
Cincinnati, OH 45209-1324

Ohio Attorney General Collections Enforcemen
Attn: Bankruptcy Unit
30 East Broad St., 14th Floor
Columbus, OH 43215-3414


Ohio Department of Taxation
Attn: Bankruptcy Division
PO Box 530
Columbus, OH 43216-0530

Ohio Valley Gasket, Inc.
5210 Duff Dr
West Chester Township, OH 45246-1313

Omega Engineering, Inc.
800 Connecticut Avenue, Ste. 5N01
Norwalk, CT 06854-1696


OutSolve, LLC
3330 W Esplanade Ave S, Ste. 301
Metairie, LA 70002-3586

PPG Aerospace Inc.
12780 SanFernando Road
Sylmar, CA 91342-3728

Packrite
1650 Packrite Court
High Point, NC 27260-6113


Pako, Inc.
7615 Jenther Dr.
Mentor, OH 44060-4872

Paradigm Precision
3651 SE Commerce Ave
Stuart, FL 34997-4967

Paragon D&E
5225 33rd St. SE
Grand Rapids, MI 49512-2071

Paragon Die & Engineering Company
333 Bridge Steet NW
Suite 1700
Grand Rapids, MI 49504-5365

(p) PARK AEROSPACE CORP
ATTN AMY L KORNAHRENS
486 N OLIVER ROAD
BLDG Z
NEWTON KS 67114-9495

Parkway Plastics Inc
561 Stelton Road
Piscataway, NJ 08854-3868

PartsBadger, LLC
W66N205 Commerce Court
Cedarburg, WI 53012-2636

Pax Corrugated
1899 Kingsview Dr
Lebanon, OH 45036-8397

Paycor, Inc
4811 Montgomery Road
Cincinnati, OH 45212-2163

Pelseal Technologies, LLC
3161 State Road, Ste. G
Bensalem, PA 19020-6545

Perma-Flex Mold Company
1919 E Livingston Ave
Columbus, OH 43209-2768

Plante & Moran, PLLC
3000 Town Center, Suite 1300
Southfield, MI 48075-1176

Plex Systems, Inc
900 Tower Dr, Ste. 1500
Troy, MI 48098-2855

Polycraft Products, Inc.
897 Rudolph Way
Greendale, IN 47025-8313

PowerClean Equipment Co
5945 Dry Fork Rd
Cleves, OH 45002-9794

Pride Seals, Inc
430 Mill Street
Cincinnati, OH 45215-4619

Prism Aerospace
3087 12th Street
Riverside, CA 92507-4904

Pro Tool Services Inc
1125 Glendale Milford Rd
Cincinnati, OH 45215-1255

Process Pump & Seal, Inc.
4317 Kugler Mill Rd
Cincinnati, OH 45236-1820

Professional NDE Services Group, LLC
3975 Port Union Rd
Fairfield, OH 45014-2203

Proheat Inc
117 E Adams St
La Grange, KY 40031-1229

Prospect Mold
1100 Main Street
Cuyahoga Falls, Oh 44221-4922

Prospect Mold
1100 Main St. Bldg #5
Cuyahoga Falls, OH 44221-4922

Protective Industries, Inc -Mokon
2150 Elmwood Ave
Buffalo, NY 14207-1910

Protective Packaging Solutions, LLC
10345 Medallion Dr
Cincinnati, OH 45241-4825

Prudential Realty Company
3700 S. Water St., Ste. 100
Pittsburgh, PA 15203-2366

Qualiturn, Inc.
9081 Le St Dr
West Chester Township, OH 45014-2242

Quality Manufacturing Company
4300 NW Urbandale Dr
Urbandale, IA 50322-7921

Quantum Composites Inc.
3365 East Center Street
North Kingsville, OH 44068

Quatro Composites, LLC dba SEKISUI Aerospace
403 14th St SE
Orange City, IA 51041-7414

Queen City Pallets Inc
7744 Reinhold Dr
Cincinnati, OH 45237-2806

R.P. Plumbing
3567 State Route 132
Amelia, OH 45102-1717

R.S. Hughes
1162 Sonora Court
Sunnyvale, CA 94086-5378

RP Plumbing LLC
3567 State Route 132
Amelia, OH 45102-1717

Radius Engineering, Inc
1042 West 2780 South
Salt Lake City, UT 84119-2412

Ray Machine Incorporated
12 Lynbrook Road
Middle River, MD 21220-2894

Reginson Engineering LTD 2017
Whitacre Road, Whitacre Road Industrial
Nuneaton, UK CV11 6BX United Kingdom

Reid Supply
1269 E Mount Garfield Road, Ste. E
Norton Shores, MI 49441-5694

Renegade Materials Corporation
10800 Industry Ln
Miamisburg, OH 45342-0820

Rhinestahl CTS
7687 Innovation Way
Mason, OH 45040-9695

Rudolph Bros. & Co.
6550 Oley Speaks Way
Canal Winchester, OH 43110-8274

Rudolph Brothers
6550 Oley Speaks Way
Canal Winchester, OH 43110-8274

Rumpke of Ohio Inc
3990 Generation Drive
Cincinnati, OH 45251-4906

Saati Advanced Chemicals, LLC
4832 Grand Ave
Duluth, MN 55807-2743

Safety Shoe Distributors
10156 Reading Rd
Cincinnati, OH 45241-3110

Safety-Kleen Systems, Inc.
2600 North Central Expressway, Ste. 400
Richardson, TX 75080-2058

Saint-Gobain Performance Plastics Corporatio
31500 Solon Road
Solon, OH 44139-3528

Samax Precision, Inc.
926 W. Evelyn Ave.
Sunnyvale, CA 94086-5957

Self Adhering Products
5649 Creek Rd
Blue Ash, OH 45242-4005

(p)SENSITECH  INC
ATTN KATHLEEN QUINN
800 CUMMINGS CENTER
SUITE 258X
BEVERLY MA 01915-6197

Sheehan Bros Vending
17140 Commerce Rd
Springfield, OH 45504

Sherwin Williams Co.
9203 Sutton Pl
Hamilton, OH 45011-9705

Shred-It, c/o Stericycle, Inc
2355 Waukegan Rd
Bannockburn, IL 60015-1503

Sierra Radiation Dosimetry, Inc.
1725 Nelson Ranch Loop
Cedar Park, TX 78613-4027

Sigma-Aldrich, Inc.
3050 Spruce St.
Saint Louis, MO 63103-2530

Sky Geek
30 Airway Drive, Suite 2
LaGrangeville, NY 12540-5254

Elliot M Smith
Benesch Friedlander Coplan & Aronoff
127 Public Square
Suite 4900
Cleveland, OH 44114-2378

Smith Corona Labels & Ribbons
3830 Kelley Avenue
Cleveland, OH 44114-4534

Snap-On Industrial
2801 80th Street
Kenosha, WI 53143-5656

Socomore
100 South Royal Lane
Coppell, TX 75019-3851

Southern Labware, Inc.
5810 Cedar Ridge Trl
Cumming, GA 30028-3406

Southern Ohio Hydraulics LLC
7793 Morris Road
Fairfield, OH 45011-8041

Spincraft -WI
161 Beloit Rd
New Berlin, WI 53151

Springdale Automotive
8005 Brownsboro Rd
Louisville, KY 40241-2827

Starr Tool & Manufacturing Co
20524 Blooming Valley Rd.
Meadville, PA 16335-8099

State of Kansas
Wichita State University
1845 Fairmont Ave
Wichita, KS 67260-0001

Sterling Seal & Supply, Inc.
1105 Green Grove Road
Neptune, NJ 07753-2517

Sue Irwin Trust FBO David M. Irwin
6432 Breckenridge Lane
Hamilton, OH 45011

Sue Irwin Trust FBO James T. Irwin
5732 Fields Ertle
Cincinnati, OH 45241-1281

Sue Irwin Trust FBO John C. Irwin
5616 Spellmire Drive
Cincinnati, OH 45246-4857

Sue Irwin Trust FBO Karen B. Luce
11808 Miro Circle
San Diego, CA 92131-3323

Sue Irwin Trust FBO Kimberly Ann Berry
5814 Dantawood Lane
Middletown, OH 45044-1304

SuperSystems Incorporated
7205 Edington Dr
Cincinnati, OH 45249-1064

Supply Post Business Products
11365 Deerfield Rs
Blue Ash, OH 45242-2109

T C Specialties, Inc.
460 Industrial Way
Placentia, CA 92870-6320

TS Machining
6770 Taylor Pike
Blanchester, OH 45107-8803

TYKMA, Inc.
370 Gateway Drive
Chillicothe, OH 45601-3976

Team Industrial Services, Inc.
13131 Dairy Ashford Rd.
Sugar Land, TX 77478-4396

Tens Machine Company, Inc.
800 Grundy Ave
Holbrook, NY 11741-2606

Terminations, Inc.
4990 Cincinnati Brookville Rd
Hamilton, OH 45013-9210

Texas Almet, Inc.
2800 E. Randol Mill Road
Arlington, TX 76011-6724

Thaman Rubber Co
3280 Hageman Ave
Cincinnati, OH 45241-1907

(p)THE CARY COMPANY
1195 W FULLERTON AVE
ADDISON IL 60101-4303

The Flight Shop Inc
1780 N 2000 W, Hanger #21
Brigham City, UT 84302-4020

Thermoset Solutions, LLC
8107 N Dort Hwy
Mount Morris, MI 48458-1206

Thread Check Inc.
900 Marconi Ave
Ronkonkoma, NY 11779-7212

TigHitco LatinoAmerica
Av. Comisin Federal de Electricid
Zona Industrial 'Del Potos'
San Luis Potosi, SL 78395 Mexico

Tool Testing Lab, Inc.
11601 N Dixie Dr
Tipp City, OH 45371-9108

Toray Advanced Composites ADS LLC
18255 Sutter Blvd
Morgan Hill, CA 95037-2820

Torr Technologies, Inc.
1453 22nd St NW
Auburn, WA 98001

Total Maintenance Solution, Inc
10250 Alliance Road, Ste. 223
Blue Ash, OH 45242-4737

Toyota Industries Commercial Finance, Inc
8951 Cypress Waters Blvd, Suite 300
Dallas, TX 75019-4753

Treasurer, State of Ohio
77 S. High St., 20th Floor
Columbus, OH 43215-6108

Trent W. Huskey
333 Bridge Street NW
Suite 1700
Grand Rapids, MI 49504-5365

Tri-State Abrasive & Tool Co., Inc.
9250 Brookfield Ct
Florence, KY 41042-2955

Trimack Plastics Manufacturing Corporation
55 Broadcommon Rd Unit 1
Bristol, RI 02809-2827

Trimble Combustion Systems Inc
215 Nieman St., Ste. 2
Sunman, IN 47041-8931

Trivaco
2615 Arbor Tech Dr
Hebron, KY 41048-2500

U.S. Attorney General
U.S. Department of Justice
303 Marconi Blvd., Ste. 200
Columbus, OH 43215-2840

UPS
55 Glenlake Parkway NE
Atlanta, GA 30328-3474

US Bank Equipment Finance
13010 SW 68th Pkwy #100
Portland, OR 97223-9621

US Tool Group
2000 Progress Dr
Farmington, MO 63640-9158

United Airlines
233 S. Wacker Drive
Chicago, IL 60606-6462

United States Plastic Corporation
1390 Neubrecht Rd
Lima, OH 45801-3196

Universal Tool Technology
821 Hall Ave
Dayton, OH 45404-1101

Valence Surface Technology
300 Continental Blvd., Suite 600
El Segundo, CA 90245-5087

Verizon Wireless
1095 Avenue of the Americas
New York, NY 10036-6704

Virtek Vision International ULC
785 Bridge Street
Waterloo, ON N2V 2K1 Canada

Web Industries, Inc
293 Boston Post Road West, Ste. 510
Marlborough, MA 01752-4609

Weber Manufacturing Technologies, Inc.
16566 ON-12
Midland, ON L4R 4L1 Canada

Weldmac Manufactruing Company
1451 North Johnson Ave
El Cajon, CA 92020-1615

Wells Fargo Bank
10 S. Wacker Drive, 22nd Floor
Chicago, IL 60606-7476

Wells Fargo Equipment Services
733 Marquette Avenue, ste. 700
Minneapolis, MN 55402-2356

Wesco Aircraft Hardware Corp.
2601Meacham Blvd, Ste. 400
Fort Worth, TX 76137-4213

Westcoast Saw, LLC
20250 276th Ave SE #405
Hobart, WA 98025-5018

Westfield Electroplating Co., Inc.
68 N Elm Street
Westfield, MA 01085-1690

World Risk Management
20 N. Orange Ave, Ste. 500
Orlando, FL 32801-4602

Yardstore
725 E Central Ave
Wichita, KS 67202-1063

Zatkoff Seals & Packings
2320 Industrial Park Drive
Farmington Hills, MI 48335

Zoro Tools, Inc
500 W Madison St
Chicago, IL 60661-4544

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Air Technologies
Park 63, 400 Wright Drive
Middletown, OH 45044

Airgas USA, LLC
259 North Radnor-Chester Road, suite 100
Radnor, PA 19087

Benesch
71 South Wacker Drive, Suite 1600
Chicago, IL 60606-4637

C.H.Robinson Company, Inc
14701 Charlson Road
Eden Prairie, MN 55347-5076

Constellation Newenergy
1310 Point St
Baltimore, MD 21231

Duke Energy
c/o Duke Energy Ohio, Inc., statutory ag
139 E. 4th Street
Cincinnati, OH 45202

Focus Management Group USA Inc
5001 W Lemon St., Ste. C
Tampa, FL 33609

Greater Cincinnati Water Works
4747 Spring Grove Ave
Cincinnati, OH 45232

Henkel Corporation
1 Henkel Way
Rocky Hill, CT 6067

HydraPak Seals Inc.
3532 Galaxy Park Pl
West Jordan, UT 84088

LIFO-PRO, Inc
11620 Arbor St, Ste. 100
Omaha, NE 68144

Park Aerospace Corp.
486 North Oliver Rd Bldg Z Newton City/C
Newton, KS 67114

Sensitech, Inc.
800 Cummings Center, Ste. 258X
Beverly, MA 1915

The Cary Company
1195 W. Fullerton Ave.
Addison, IL 60101

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

CFM International
1 Neumann Way
Cincinnati, OH 45215

GE Avio
1 Neumann Way
Cincinnati, OH 45215

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)EQT Exeter
Five Radnor Corp Ctr.
100 Matsonford Rd., Ste. 250
Radnor, PA 19087-4559

(u)Frisa Aerospace
Valentin G Rivero 127
Santa Catarina Nuevo Leon, NL 66150 Mexi

(u)General Electric Company (d/b/a GE Aerospa

(u)Nordson EFD LLC
40 Catamore Blvd
Providence, RI 2904

(d)Starn Tool & Manufacturing Company
20524 Blooming Valley Road
Meadville, PA 16335-8099

(d)Sue Irwin Trust FBO John C. Irwin
5616 Spellmire Drive
Cincinnati, OH 45246-4898

(u)Wells Fargo Bank, N.A.

End of Label Matrix
Mailable recipients    356
Bypassed recipients      7
Total                  363