**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| In re: | Case No. 25-12226 |
| CTL-AEROSPACE, INC., | Chapter 11 |
| Debtor. | Judge Beth A. Buchanan |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTOR'S MOTION FOR THE ENTRY OF (I) AN ORDER (A) APPROVING BIDDING AND SALE PROCEDURES WITH RESPECT TO THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) SCHEDULING AN AUCTION AND SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (C) APPROVING THE PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (D) APPROVING PROCEDURES FOR SELECTION OF ONE OR MORE STALKING HORSE BIDDER(S) AND THE PROVISION OF BID PROTECTIONS TO SUCH STALKING HORSE BIDDER(S), AND (E) GRANTING RELATED RELIEF; AND (II) AN ORDER APPROVING THE SALE OF SUCH ASSETS AND RELATED RELIEF**

The Official Committee of Unsecured Creditors ("Committee"), through its putative counsel, respectfully objects to the Debtor's *Motion For The Entry Of (I) An Order (A) Approving Bidding And Sale Procedures With Respect To The Sale Of Substantially All Of The Debtor's Assets, (B) Scheduling An Auction And Sale Hearing And Approving The Form And Manner Of Notice Thereof, (C) Approving The Procedures For The Assumption And Assignment Of Executory Contracts And Unexpired Leases, (D) Approving Procedures For Selection Of One Or More Stalking Horse Bidder(S) And The Provision Of Bid Protections To Such Stalking Horse Bidder(S), And (E) Granting Related Relief; And (II) An Order Approving The Sale Of Such Assets And Related Relief* (the "Motion"), as follows:

**I.      Background**

On September 8, 2025, the Debtor commenced this Chapter 11 case when it filed its voluntary petition under Chapter 11 of title 11, United States Code 101 et seq. (the "Bankruptcy

LEGAL\80794957\1

Code"). Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its business and managing its affairs as a debtor-in-possession.

The Committee was appointed on September 26, 2025 and on or about October 7, 2025, the Committee selected Cozen O'Connor as its putative counsel.

On October 9, 2025, the Debtor filed the Motion, seeking the approval of a sale process through which the Debtor will attempt to sell substantially all of its assets on or before December 22, 2025 (the "Sale"), with the proceeds of the Sale to be promptly distributed to the Debtor's principal secured creditor, Wells Fargo Bank, NA ("Wells").

## II.    Objection

The Committee generally supports the Debtor's sale efforts and expects to continue to do so. However, there are several issues that if not addressed, will cause the Committee to oppose the sale outright, and potentially to seek conversion or dismissal of this case.

Specifically, as currently drafted, the Motion – and specifically Exhibit D thereto – anticipates distributing all sale proceeds to Wells shortly after closing with no accommodation for the administrative costs of the Debtor's bankruptcy estate ("Estate"), let alone the cost of the sale itself. The requested distribution is problematic – if not fatal - to the requested sale for a number of reasons.

First, Wells and its claims are subject to a challenge period that will not expire until on or about November 26, 2025. No distribution should be made to Wells absent the passing of that time period, or the resolution of any timely challenge, if any.

Second, the request for the blanket distribution of sale proceeds to Wells, without any further accommodation for the costs of the Estate, is inappropriate. If the Sale is going to proceed, then there must be accommodations by Wells and the Debtor to ensure that enough proceeds

2

remain in the Estate to administer it. This is also true if Wells is the successful purchaser at the sale through its right to credit bid. Either instance, without further clarifications or provisions inappropriately exposes the Estate and its administrative creditors to administrative insolvency. Accordingly, without such accommodations and assurances, the Committee opposes the Sale and questions whether this case belongs in Chapter 11.

Finally, there are a few other, less fundamental issues that need to be addressed. Specifically:

    A.    If Wells decides to exercise its right to appear at the auction and credit bid, it must (a) disclose its intent to do so on or before December 8, 2025 when qualified bidders are also announced, (b) submit a cash Deposit in an amount necessary to cover any Break-Up Fee, if any, and (c) provide a list of executory contracts and unexpired leases it intends to assume at the time other Qualified Bidders are required to do so.

    B.    As drafted, the Bid Procedures currently provide for only four days between the announcement of Qualified Bidders and the objection regarding issues of adequate assurance of future performance under § 365 of the Bankruptcy Code. Moreover, there are only two days between any Auction and the same deadline. That is not enough time for counterparties to executory contracts and unexpired leases to assess and object to a proposed buyer's adequate assurance of future performance and should be amended to provide at least one week's notice.

### III. Requested Relief

While the Committee generally supports the proposed sale process, it objects to the entry of any order that fails to address the issues it has raised above or that exposes the Estate to the risk of administrative insolvency.

IV.     **Reservation of Rights**

The Committee reserves all rights to supplement this Objection, join in other objections, engage in discovery, and be heard at any hearing on the Motion.

                                                    Official Committee of Unsecured
                                                    Creditors of CTL-Aerospace, Inc.

                                            By:   /s/ Brian L. Shaw
                                                    One of its putative attorneys

Brian L. Shaw (*pro hac vice pending*)
Ira Bodenstein (*pro hac vice pending*)
Christina M. Sanfelippo (*pro hac vice pending*)
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, IL 60606
312-382-3100
bshaw@cozen.com
ibodenstein@cozen.com
csanfelippo@cozen.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2025, a copy of the foregoing Objection was served through the Court's Case Management/Electronic Case Filing system, which sent automatic notice of electronic filing by email to all parties indicated on the electronic filing receipt.

/s/ Brian L. Shaw