**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Beth A. Buchanan
United States Bankruptcy Judge

**Dated: January 9, 2026**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | Case No. 25-12226 |
| | : | |
| CTL-AEROSPACE, INC., | : | Chapter 11 |
| | : | |
| DEBTOR-IN-POSSESSION. | : | Judge Beth A. Buchanan |
| | : | |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS [DOC. 179]**

Upon the motion (the "Motion") of CTL Aerospace Inc., the debtor and debtor-in-possession (the "Debtor"), for entry of an order establishing procedures for interim compensation and reimbursement of expenses for all professionals retained or to be retained by separate order of this Court in this case (the "Professionals") filed herein on November 26, 2025 [Doc. 179] and notice of the Motion was filed [Doc. 180] and served on all creditors and parties in interest in this case; and the Court having reviewed the Motion; and the Court finding that (i) jurisdiction over this matter is proper pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding, (iii)

notice of the Motion was good and sufficient under the circumstances, (iv) no objections or responses to the Motion were timely filed, and (v) good and sufficient cause exists for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. All Professionals employed in this case pursuant to an order of this Court under 11 U.S.C. §§ 327, 328, or 1103 shall be permitted to seek interim compensation and reimbursement of expenses in accordance with the following procedures (the "Interim Compensation Procedures"):

   a. Concurrently with the filing of the Motion, or as soon as practicable thereafter, each Professional may submit a detailed fee statement (the "Initial Statement") for the period commencing on the Petition through October 31, 2025. The Initial Statement shall be submitted to the Notice Parties as defined in paragraph (c) below. To expedite review, the Notice Parties shall have fourteen (14) days from service of the Initial Statement (the "Initial Statement Objection Deadline") to object in the manner set forth in paragraph (e) below.

   b. Each Professional may submit a detailed monthly fee statement (the "November Statement") for the period from November 1, 2025, through November 30, 2025. The November Statement shall be submitted to the Notice Parties as defined in paragraph (c) below. The Notice Parties shall have fourteen (14) days from service of the November Statement (the "November Statement Objection Deadline") to object in the manner set forth in paragraph (e) below.

    c. On or before the 20th day of each calendar month (or the next business day) thereafter, commencing with the statement for December 2025 due on or before January 20, 2026, following the month for which compensation is sought, each Professional may submit a detailed monthly fee statement (a "Monthly Statement") to the following parties (the "Notice Parties"): (i) the Debtor, (ii) counsel for the Debtor, (iii) the U.S. Trustee, (iv) counsel for the Official Committee of Unsecured Creditors; and (v) counsel for DKOF VI Trading Subsidiary LP or its successor(s) in interest. The Monthly Statements shall not be filed with the Court unless a dispute arises. The Initial Statement and November Statement shall be submitted to these same Notice Parties. Professionals still will be required to serve and file interim and final applications for approval of fees and expense in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules for the United States Bankruptcy Court, Southern District of Ohio (the "Local Rules").

    d. Each Initial, November, and Monthly Statement shall contain a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.

    e. Each party receiving a statement will have twenty-one (21) days after service of the statement to object to the compensation or reimbursement sought in a

particular statement (the "Objection Deadline"), except for the Initial Statement and the November Statement, for which the objection periods are set forth in paragraphs 2(a) and 2(b) of this Order, respectively. Any objections to the statement must be served on the affected Professional and the other persons designated to receive statements in paragraph (c) of this Order on or before the applicable Objection Deadline. Any objections must be in writing and state the nature of the objection and the amount of fees or expenses at issue.

f. If a Notice Party has an objection, it shall notify the Professional and the Debtor prior to the expiration of the applicable Objection Deadline. The parties shall "meet and confer" in good faith to resolve the objection. Similarly, if the parties to an objection are able to resolve their dispute and if the party whose statement was objected to serves on all of the parties listed in paragraph (c) as statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (g), that portion of the fee statement which is no longer subject to objection.

g. If no objections are raised prior to the expiration of the applicable Objection Deadline, or after the good-faith resolution of any objections, the Debtor is authorized and directed to pay the Professional:

    i. With respect to the Initial Statement, upon entry of the Order approving this Motion, payment of:

        1) One hundred percent (100%) of the requested and undisputed expenses; and

        2) Eighty-five percent (85%) of the requested and undisputed professional fees.

   ii. With respect to the November Statement and all subsequent Monthly Statements, following the expiration of the applicable Objection Deadline, payment of:

        1) One hundred percent (100%) of the requested and undisputed expenses; and

        2) Eighty-five percent (85%) of the requested and undisputed professional fees.

h. The remaining fifteen percent (15%) of undisputed professional fees (the "Holdback") shall be held by the Debtor pending further order of this Court.

i. If an objection is raised and cannot be resolved consensually, the Debtor shall withhold payment of the disputed amount and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (g). All objections that are not resolved by the parties, shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court.

j. Approximately every one hundred twenty (120) days (or as otherwise ordered by the Court), each Professional shall file with the Court an interim application for allowance of compensation and reimbursement of expenses pursuant to 11 U.S.C. § 331 (an "Interim Application"). The Interim Application shall seek, after notice and a hearing, (i) approval of the fees and expenses detailed in the

        preceding Monthly Statements (including the Initial Statement and November Statement), and (ii) authority for the Debtor to pay the accumulated Holdback.

k. All compensation and reimbursement paid on an interim basis shall be subject to final review and approval by the Court upon a final fee application filed at the conclusion of the case.

l. The failure of any Notice Party or other party in interest to object to an Initial, November, or Monthly Statement shall not be deemed a waiver or prejudice of their right to object to the corresponding Interim Application (or final fee application) for that period.

m. Any Professional who fails to file and serve an Interim Application when due, in accordance with these procedures or an order of the Court, shall be ineligible to receive any further monthly payments of compensation or reimbursement of expenses until such Interim Application has been filed.

n. The pendency of an application or a Court order that payment of compensation or reimbursement of expense was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expense as set forth above, unless otherwise ordered by the Court.

o. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

p.  Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses from members of the committee he or she represents.

3. All interim payments made pursuant to this Order shall be subject to review and disgorgement upon a final application for compensation and reimbursement, which shall be heard at the conclusion of the case.

4. The Debtor's compliance with these procedures shall not be deemed an admission as to the reasonableness of any fees or expenses, and the Debtor, the U.S. Trustee, and all parties in interest reserve all rights to object to any Interim Application or final fee application.

5. This Order shall be effective immediately upon its entry and payments may not be made to Professionals prior to entry of this Order.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

cc Default List PLUS:
Capstone Capital Markets LLC, c/o Geoffrey Frankel, 10 Post Office Square, Ste. 800N, Boston, MA 02109
CRS Capstone Partners LLC, c/o David Rychalsky, 10 Post Office Square, Ste. 800N, Boston, MA 02109

021640\00100\4915-5670-5656.4

4915-5670-5656, v. 4